UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LYDIA CABRERA, RUBEN PEREZ,
DEJAVAHN WATKINS, per proxima amici
LYDIA CABRERA

      Plaintiffs,                            NO. 3:06CV1840 (MRK)

      v.

HARTFORD POLICE OFFICER ROBERT
LAWLOR in his official and individual capacity,
HARTFORD POLICE CHIEF PATRICK J.
HARNETT, THE CITY OF HARTFORD,
BRANDON HENRY,

      Defendants.

## RULING AND ORDER

This case arises from a car accident that occurred on May 7, 2005 in Hartford, Connecticut. On November 15, 2006, Plaintiffs filed a Complaint alleging federal constitutional violations and state law negligence claims against Defendants Hartford Police Officer Robert Lawlor ("Lawlor"), Hartford Police Chief Patrick J. Harnett ("Harnett"), City of Hartford, and Gwendolyn Johnson ("Johnson"), whom the complaint alleged was the owner or leaseholder of the vehicle that struck Lydia Cabrera's car. *See* Complaint [doc. # 1]. On April 24, 2008, Plaintiff filed an Amended Complaint [doc. # 61] that withdrew all claims against Ms. Johnson and named as new defendants the following: Brandon Henry ("Henry"), the driver of Ms. Johnson's car at the time of the May 7 accident; and AIG Personal Lines Insurance Company d/b/a American International Pacific Insurance Company ("AIG"), the insurer of the car. On consent of the parties, the Court granted AIG's Motion to Dismiss [doc. # 66] and terminated AIG as a Defendant.

Pending before this Court is Mr. Henry's Motion for Summary Judgment [doc. # 80], which

argues that Plaintiffs' negligence claim against him in Count One of the Amended Complaint is barred by the applicable two-year statute of limitations. Plaintiffs oppose dismissal, asserting that their negligence claim against Mr. Henry relates back to their original, timely-filed complaint. *See* Plaintiffs' Memorandum in Opposition to Defendant Brandon Henry's Motion for Summary Judgment [doc. # 88]. Because the Court concludes that Count One of Plaintiffs' Amended Complaint does not relate back to the original complaint and is thus time-barred, the Court GRANTS the Motion for Summary Judgment [doc. # 80].

## I.

The facts relevant to the pending motion are not in dispute, and both parties agree that the issue presented is one of law only. *See* Defendant, Brandon Henry's Local Rule 56(a)(1) Statement [doc. # 81]; Plaintiffs' Statement of Material Facts [doc. # 88].[1] The car accident occurred on May 7, 2005. Both parties agree that Connecticut's statute of limitations for such claims is two years. *See* Conn. Gen. Stat. § 52-584 (personal injury actions must be brought within two years from the date when the injury is first sustained). Therefore, the statute of limitations for Plaintiffs' negligence claim against Mr. Henry expired in early May 2007, about six months *after* the original Complaint was filed but approximately a full year *before* Plaintiffs moved to amend their complaint and add Mr. Henry as a defendant, in April 2008. Plaintiffs acknowledge that Mr. Henry was served beyond the applicable statute of limitations period. *See* Pls.' Mem. Opp'n Def. Mot. Summ. J. [doc. # 88] at 2. Thus, the only question for this Court to resolve is whether, as Plaintiffs' argue, their negligence claim against Mr. Henry is nonetheless timely because the Amended Complaint relates back to the

---

[1] This Court has previously set forth the standard governing summary-judgment motions and has applied that standard in this case. *See, e.g., Dutko v. Lofthouse*, 549 F. Supp. 2d 187, 189 (D. Conn. 2008).

2

date of the original Complaint.

Rule 15(c) of the *Federal Rules of Civil Procedure* provides the framework for answering this question. Under Rule 15(c)(1) an amendment to a pleading relates back to the date of the original pleading under the following circumstances:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment;
> (i) receives such notice of the action that it will not be prejudiced in defending on the merits; *and*
> (ii) knew or should have known that the action would have been brought against it, *but for a mistake concerning the proper party's identity*.

F.R.C.P. 15(c)(1) (emphasis added). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. American Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1471, at 505-506 (2d ed. 1990).

Under the plain language of Rule 15(c)(1), unless Connecticut law allows relation back – a subject the Court discusses later – Plaintiffs' negligence claim against Mr. Henry will not relate back to Plaintiffs' original complaint unless the requirements of both Rules 15(c)(1)(B) and 15(c)(1)(C) are met. *See Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994) (explaining that an amended complaint that adds a party "relates back as to that party only if" both provisions of 15(c) are met);

3

*Gouveia v. Sig Simonazzi N. Am., Inc.*, No. 3:03CV597(MRK), 2005 WL 293506, at *3 (D. Conn. Jan. 11, 2005) ("Any other conclusion [than requiring a Plaintiff that adds a new party to meet both provisions of 15(c)] would run counter to the express language of Rule 15(c)(3)."). Plaintiffs concede as much, *see* Pls.' Mem. Opp'n Def. Mot. Summ. J. [doc. # 88] at 3, and also recognize that they bear the burden of showing that the requirements for relation back are met. *See Cornwell*, 23 F.3d at 705.

**A.**

There is no dispute that the negligence claim against Mr. Henry arises out of the same conduct, transaction, or occurrence set out in the original pleading – namely, the May 7, 2005 car accident between Ms. Cabrera and Mr. Henry. Therefore, the requirement of Rule 15(c)(1)(B) is satisfied. The determinative issues then are whether Plaintiffs have satisfied the mistake and prejudice requirements of Rule 15(c)(1)(C)(i) and (ii). Because the Court concludes that Plaintiffs have not satisfied the mistake requirement of subsection (ii), the Court has no occasion to consider the issue of prejudice. *See Muwwakkil v. Hoke*, No. 96-2394, 1997 WL 76871, at *3 (2d Cir. Feb. 21, 1997).

An amended complaint that adds a new party cannot relate back to the original complaint unless the newly named defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." F.R.C.P. 15(c)(1)(C)(ii). As the Second Circuit has explained, "[t]he requirement that a new defendant 'knew' he was not named due to a mistake concerning identity presupposes that in fact the reason for his not being named was a mistake in identity." *Cornwell*, 23 F.3d at 705. *See Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 35-36 (2d Cir. 1996) (tracing Rule 15's "mistake" criterion to "several cases in

4

which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants" and noting the provision "was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage"); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (noting that relation-back principles "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense" (quotation marks omitted)).

In *Cornwell*, for example, the plaintiff included an exhibit in her original complaint that identified and described the alleged misconduct of the individuals she later sought to name as defendants in her amended complaint. 23 F.3d. at 705. In concluding that the plaintiff's amended complaint did not relate back to her original complaint, the Second Circuit explained that while a plaintiff might not be required to sue a particular individual in her original complaint in order to state a viable cause of action, "her failure to do so . . . in light of her obvious knowledge and the detailed nature of [the pleading], must be considered a matter of choice, not mistake." *Id.* As *Cornwell* makes clear, a plaintiff cannot satisfy the mistake requirement of Rule 15(c)(1)(C)(ii) where the plaintiff knows the identities of potential tortfeasors, includes details of their misconduct in the original pleading, but fails to name them as defendants in the original complaint. *See id.*; *accord Soto*, 80 F.3d at 36 (explaining that "an amended complaint adding individual defendants [does] not relate back where the plaintiff [shows] neither factual . . . nor legal mistake" (citing *Cornwell*, 23 F.3d at 694)); *Chrobak v. Hilton Group PLC*, No. 06 Civ.1916 (MGC), 2007 WL 2325913, at *3 (S.D.N.Y. Aug. 15, 2007) (denying relation back where plaintiff referred to newly named defendants in original complaint, "indicating her awareness of their existence and possible connection to this suit").

Relation back under Rule 15(c)(1)(C) thus applies to a limited scope of cases, and only those in which the added defendant knew or had reason to know it was the proper party to the suit. *Compare Hutnik v. Sec. Messenger Serv., Inc.*, No. 98 CIV 6481 (MBM), 1999 WL 619592 (S.D.N.Y. Aug. 16, 1999) (allowing addition of defendant that operated under original defendant's trade name because change "merely formal"), *William H. McGee & Co. v. M/V Ming Plenty*, 164 F.R.D. 601, 606 (S.D.N.Y. 1995) (allowing relation back where defendant itself often confused the original and added defendant companies, which shared a corporate logo and were similarly named), *and Younger v. Chernovetz*, 792 F. Supp. 173, 176 (D. Conn. 1992) (applying relation back where added defendants shared "an identity of interest" with originally named defendants such that the newly named defendants should have known of the lawsuit) *with Davies v. Jindal*, No. 3:03-CV-341 (CFD), 2007 WL 1491305, at *6 (D. Conn. May 22, 2007) (concluding that an "error or oversight" in naming a car's driver rather than its owner "is not the narrow type of mistake contemplated by Rule 15(c)"), *Schieszler v. Ferrum College*, 233 F. Supp. 2d 796, 801 (W.D. Va. 2002) (finding that nothing "indicates that [Rule 15(c)] applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged" (quoting *Rendell-Speranza v. Nassim*, 107 F.3d 913 (D.C. Cir. 1997))), *and Scharrer v. Consol. R.R. Corp.*, 792 F. Supp. 170, 173 (D. Conn. 1992) (relation back doctrine inapplicable where no alleged mistake explained the delay in filing against defendant).

Here, Plaintiffs concede (as they must) that they need to establish that their failure to name Mr. Henry as a defendant in the original Complaint was a mistake. *See* Pls.' Mem. Opp'n Def. Mot. Summ. J. [doc. # 88] at 3 ("Plaintiff must assert a reason for the mistake in omitting the proposed defendant from the original complaint."); *Clark v. Dowty*, No. 3:05-CV-1345 (WWE), 2007 WL

2022045, at *3 (D. Conn. July 9, 2007) ("[P]laintiff must assert a reason for the mistake in omitting the proposed defendant from the original complaint." (citing *Reed v. Hartford Police Dep't*, No. 3:03-CV-2147 (SRU/WIG), 2006 WL 2349591, at *5 (D. Conn. July 25, 2006)). Yet, Plaintiffs utterly ignore this acknowledged requirement, choosing to focus solely on the issue of prejudice. Plaintiffs' choice is understandable in the circumstances. For there is absolutely no basis on which Plaintiff could claim a mistake in not naming Mr. Henry as a defendant in the original complaint.

Like the plaintiff in *Cornwell*, Plaintiffs' original pleading clearly identifies Mr. Henry as the driver of the car in question and describes his alleged misconduct. *See* Compl. [doc. #1] at 3-4 ¶¶ 4, 6-7, 9-10 and at 5-7, ¶¶ 3-11. As in *Cornwell*, there could be no "mistake" when Plaintiffs "had always known" Mr. Henry's identity and their original complaint "had been legally sufficient." *Soto*, 80 F.3d at 36. In short, the failure to name Mr. Henry as a defendant in the original complaint was not a mistake, but a choice, just as it was in *Cornwell*. *See* 23 F.3d at 705; *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 402, 431 (S.D.N.Y. 2005) (omission of newly added defendant from original complaint must be considered a matter of choice and not mistake). Furthermore, there would be no reason for Mr. Henry to anticipate being made a defendant in Plaintiffs' suit approximately seventeen months after Plaintiffs' filed their original complaint against numerous other defendants, including Ms. Johnson, and almost a full year after the statute of limitations period expired.

Because Plaintiffs have not satisfied the mistake requirement of Rule 15(c)(1)(C)(ii), Plaintiffs' negligence claim against Mr. Henry cannot relate back to their original complaint. Therefore, their negligence claim against him is barred by the applicable statute of limitations unless Connecticut law allows for relation back in these circumstances.

7

**B.**

Under Rule 15(c)(1)(A), Plaintiffs could avoid the two-year limitations period on their state-law negligence claim against Mr. Henry if Connecticut law allowed relation back in the circumstances of this case. *See* F.R.C.P. 15(c)(1)(A) ("An amendment to a pleading relates back to the date of the original pleading when the law that provides the applicable statute of limitations allows relation back."); Advisory Committee Notes to the 1991 Amendments ("[Rule 15(c)(1)] does not apply to preclude the applicable limitations law. . . . [I]f that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.").

Unfortunately for Plaintiffs, Connecticut's relation back doctrine is not much different from that of Rule 15. *See Gurliacci v. Mayer*, 218 Conn. 531, 547 (1991) ("We have previously recognized that our relation back doctrine is akin to rule 15(c) of the Federal Rules of Civil Procedure . . . .") (internal quotations omitted). Plaintiffs do not contend otherwise. Connecticut courts thus do not permit relation back when a plaintiff adds a new defendant of which the plaintiff was aware at the time of the original complaint. As the Connecticut Appellate Court explained in rejecting plaintiff's argument that relation back could save its claim against a newly added defendant, "While an amendment that corrects a minor defect relates back to the date of the original complaint, one stating a separate cause of action is barred by the statute of limitations. Further, if the amendment is deemed to be a substitution or entire change of a party, it will not be permitted." *Kaye v. Town of Manchester*, 20 Conn. App. 439, 444 (1990); *see, e.g., Palazzo v. Delrose*, 91 Conn. App. 222, 227 (2005) ("The claim against the defendant substitutes a new party and states a separate cause of action, and, thus, does not relate back to the original complaint."); *Blake v. Vann*, No.

CV970342400S, 2000 WL 46003, at *2 (Conn. Super. Jan. 7, 2000) ("Amended complaints . . . relate back if the amendments merely correct the description of a party, but do not substitute or change the party's identity."); *Chreiman v. ITT Hartford Group*, No. 545908, 1999 WL 195935, at *2 (Conn. Super. Mar. 29, 1999) ("The dispositive issue is whether the subsequent addition of the defendant introduced a new party to the proceedings or simply corrected a misnomer in describing the party originally summoned to the court." (quoting *Pack v. Burns*, 212 Conn. 381, 384 (1989))). Thus, Connecticut law does not save Plaintiffs' claim.

## II.

For the foregoing reasons, Defendant Brandon Henry's Motion for Summary Judgment [doc. # 80] is GRANTED. **The Court directs the Clerk to enter summary judgment for Defendant Henry on Count One of Plaintiffs' Amended Complaint [doc. # 61] and to terminate Brandon Henry as a Defendant.**

IT IS SO ORDERED,

/s/      Mark R. Kravitz      
United States District Judge

Dated at New Haven, Connecticut: **August 29, 2008**.